AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   21-mj-344 (GMH) |
| Charles Clark ) | |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☑ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**Part III - Analysis and Statement of the Reasons for Detention**

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

- ❒ History of violence or use of weapons
- ❒ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ❒ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

Defendant, who is charged with multiple sexual offenses against a minor ("MV1"), requested that he be placed in the High Intensity Supervision Program ("HISP") with conditions including home confinement with his brother as third-party custodian and an order directing him to stay away from MV1 and MV1's mother ("W1"). He acknowledged that he is charged with very serious offenses, but emphasized that he is presumed innocent and that without having received full discovery, it is difficult to assess the weight of the evidence against him. He emphasized further that his alleged crimes involved only one victim, and there is no evidence that he produced or disseminated pornography other than that involving MV1. He proffered that he poses a danger to only specific members of the community--MV1 and W1--and that a stay-away order would protect them. Defendant also highlighted that he is an elderly man who has serious health issues that caused him to be bedridden during some of the charged timeframe, and he proffered that he may not have been physically capable of committing the charged conduct. He noted also that his medical issues persist and argued that it would be better for him to receive medical care outside of the jail. Defendant also highlighted that he is a pillar of the community, has close friendships, many children and grandchildren, and no criminal record. He also noted that he has a security clearance and was cleared by security officials as part of his job with the State Department--where he had worked for over thirty years--and he contended that he would comply with the Court's orders, including to stay away from MV1 and W1.

Nature and circumstances of offense(s):

Defendant is accused of sexually abusing MV1 for over two years and of engaging in sexually-related communications with MV1 online even after his relationship with W1 ended. These are very serious alleged offenses against a minor, therefore this factor weighs heavily in favor of pretrial detention. According to the government's proffer, Defendant was in a romantic relationship with W1 for approximately eight years and he began sexually abusing MV1 when MV1 was about 13 years old. Indeed, MV1 informed law enforcement that Defendant engaged in sexual intercourse with MV1 on over 150 occasions in Washington, D.C. and Maryland. In addition, although Defendant's relationship with W1 ended in 2019, Defendant continued to send sexually explicit messages and photographs to MV1--or the undercover officer pretending to be MV1--until shortly before his arrest. Defendant also admitted to repeatedly driving by MV1 and W1's residence after the end of his relationship with W1, including on the day of his arrest.

The strength of the government's evidence:

The government's evidence is strong, thus this factor also weighs in favor of Defendant's detention pending trial. The government proffered that MV1 reported Defendant's abuse of MV1 to W1, who then reported the abuse to law enforcement. MV1 also provided details of the abuse to law enforcement and allowed an undercover detective to assume MV1's identity to communicate with Defendant online. The government also proffered that it has online messages between Defendant and MV1 or the undercover detective that corroborate MV1's allegations. Further, Defendant admitted to engaging in what he characterized as "peeping Tom" behavior at W1 and MV1's residence.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

Defendant is 64 years old with no criminal record. He has supportive family members and has been gainfully employed at the State Department for over 30 years. In addition, he has ongoing medical issues. These characteristics weigh in favor of release and are sufficient to overcome the presumption of detention as to his risk of flight.

The defendant's dangerousness/risk of flight:

The danger posed by Defendant's release is that he would engage in conduct similar to that with which he has been charged. Here, despite his lack of criminal history, the government's proffer strongly suggests that Defendant's alleged criminal conduct was not a single mistake or momentary--though significant--lapse of judgment. Rather, the government's proffered evidence indicates that Defendant repeatedly abused MV1 over the course of multiple years, and that he facilitated this abuse by manipulating MV1 with the prospect of gifts or freedom. Indeed, the government proffered that Defendant has continued his contact with MV1 despite no longer being in a relationship with W1, and that he has continued to solicit explicit photographs from MV1. Defendant also admitted to driving by W1 and MV1's residence as recently as the day of his arrest, which suggests an ongoing interest in them. Further, much of the alleged criminal activity was conducted through the internet, which the Pretrial Services Agency in this District is unable to monitor. Thus, even the strict release conditions of HISP are inadequate to reasonably assure the safety of MV1, W1, or other minors. For these reasons, the Court finds that no condition or combination of conditions would reasonably assure the safety of the community, and therefore orders Defendant held without bond pending trial.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  05/17/2021                     _____
                                       United States Magistrate Judge